KARIN J. IMMERGUT, OSB #963144
United States Attorney
District of Oregon
**FRED W. SLAUGHTER**
Assistant United States Attorney
Fred.Slaughter@usdoj.gov
1000 SW Third, Suite 600
Portland, OR 97204-2024
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
  Of Attorneys for United States

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN THE MATTER OF THE )<br>APPLICATION OF THE UNITED )<br>STATES OF AMERICA FOR AN ORDER )<br>AUTHORIZING THE DISCLOSURE OF )<br>TELECOMMUNICATIONS RECORDS )<br>FOR CELLULAR TELEPHONE )<br>NUMBER (503) 431-9309 )<br>_____ ) | Misc. No. 09-mc-9099<br><br>**A P P L I C A T I O N**<br><br>**(UNDER SEAL)** |

Fred W. Slaughter, Assistant United States Attorney for the District of Oregon, hereby

applies to this court for an order, pursuant to Title **18**, United States Code, Section 2703(d), directing

Cricket Communications to provide to agents of the Federal Bureau of Investigation (FBI), the

following transactional records for the period from 12:00 a.m. on March 20, 2009, through and

including March 24, 2009, at 11:59 p.m., pertaining to cellular telephone number **(503) 431-9309**:

(a)   Cell site activation, including mobile switching office (MSO) cell site and sector

address;

(b)   Signaling information;

(c)     A listing of all control channels and their corresponding cell sites;

(d)     Subscriber, electronic serial number (ESN) and billing information for the specified cellular/wireless telephone, cell personal communicator systems (PCS);

(e)     An engineering map, showing all cell site tower locations, sectors, and orientations; and

(f)     Subscriber, electronic serial number (ESN), mobile identification number (MIN) and international mobile subscriber identifier (IMSI) and billing information for any other cellular/wireless telephones on this account or that may be identified from these records.

In support of this application, Assistant United States Attorney Fred W. Slaughter, states the following:

1.     Applicant is an attorney for the government as defined in Rule 54(c) of the Federal Rules of Criminal Procedure, and, therefore, pursuant to Section 2703(d) of Title 18, United States Code, may apply for disclosure of telecommunications records.

2.     Applicant certifies that the FBI is conducting a criminal investigation of Soren Korzybski, aka Soren Raney, in connection with violations of Title 18, United States Code, Sections 371 and 2113(a) (conspiracy to commit bank robbery) and Title 18, United States Code, Section 2113 (bank robbery).  It is believed that the subject of the investigation has used cellular telephone number (503) 431-9309 in furtherance of those offenses, and that there are specific and articulable facts showing there are reasonable grounds to believe that the cellular site information sought is relevant and material to the ongoing criminal investigation.  This application and the information contained herein is based upon the attached affidavit of FBI Special Agent Matthew W. Furnia which is incorporated herein by this reference.

**Page 2 - APPLICATION**

3.    Applicant requests that this court issue an order pursuant to Title 18, United States Code, Section 2703(d) directing Cricket Communications to provide the requested records to agents of the FBI.

4.    Applicant further requests that, to enable agents of the FBI to utilize the information requested herein and to facilitate the use of such information, the court's order also direct that all records be provided in hard-copy and electronic format as specified by agents of the FBI.

5.    Applicant further requests that this application, the attached affidavit, and any resulting order be sealed until such time as the court orders otherwise, since disclosure at this time would seriously jeopardize the investigation.  Applicant further requests this court order Cricket Communications, its agents and employees not to disclose to the subscriber, or any other person, the existence of the order or of this investigation, unless otherwise ordered by this court.

6.    Applicant further requests that the Clerk of the Court provide applicant with two certified copies of said order.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief, and that this declaration was executed on this 15th day of April 2009, at Portland, Oregon.

KARIN J. IMMERGUT
United States Attorney

**FRED W. SLAUGHTER**
Assistant United States Attorney

**Page 3 - APPLICATION**

STATE OF OREGON           )
                          )    ss. AFFIDAVIT OF MATTHEW W. FURNIA
County of Multnomah       )

I, Matthew W. Furnia, being first duly sworn, depose and state:

1.     I am a Special Agent ("SA") of the Federal Bureau of Investigation ("FBI") and

have been so employed for seventeen months.   I am currently assigned to the Portland, Oregon,

office of the FBI, where I investigate violations of federal laws, including Title 18, United States

Code, Section 2113(a), Bank Robbery, and other violations of federal law.   I have received

training regarding the enforcement of federal laws including the topics of bank robbery, fraud,

and narcotics.  I have also acquired knowledge and information about bank robberies and the

various means and methods by which it is furthered from numerous other sources, including:

formal and informal training, other law enforcement officers and investigators, informants,

persons whom I have arrested and/or interviewed, and my participation in numerous other

investigations.

PURPOSE OF THIS AFFIDAVIT

3.     This affidavit is submitted in support of an application for a court order

authorizing the acquisition of stored cell site information for the period from 12:00 a.m. on

March 20, 2009, through and including March 24, 2009, at 11:59 p.m., pertaining to cellular

telephone number (503) 431-9309, issued by Cricket (the "Subject Telephone Number").

4.     The information contained within this affidavit is based upon my training and

experience, my personal knowledge of the investigation conducted in the matter, information

provided by other agents and law enforcement officers who have assisted in this investigation

and their own investigation, and my examination of evidence collected to date.  This affidavit is

-1-

intended to demonstrate there are specific and articulable facts showing there are reasonable

grounds to support the issuance of the court order authorizing the acquisition of stored cell site

information for the period from 12:00 a.m. on March 20, 2009, through and including March 24,

2009, at 11:59 p.m., for the Subject Telephone Number as requested herein and does not purport

to set forth all of the information that I have acquired during the course of this investigation

SUMMARY OF INVESTIGATION

Background of Investigation and Indictment

5.      On April 2, 2009, the Honorable United States Magistrate Judge Donald C.

Ashmanskas, District of Oregon, signed a search warrant in case number 09-MC-9085 (the

"April 2, 2009, search warrant") authorizing a search of a residence located at 3404 19th Avenue,

Apartment 207, Forest Grove, Oregon 97116 (the "Subject Premises") . A copy of the April 2,

2009, application and affidavit for search warrant is attached hereto as Exhibit "1", and is hereby

incorporated by reference.

6.      On or about April 7, 2009, a federal grand jury returned a two-count

indictment charging SOREN DAVIS KORZYBSKI ("KORZYBKSI") with conspiracy to

commit bank robbery, in violation of Title 18, United States Code, Sections 371 and 2113(a), and

bank robbery, in violation of Title 18, United States Code, Section 2113(a) (the "indictment").  A

copy of the indictment is attached hereto as Exhibit "2", and is hereby incorporated by reference.

Events Connecting KORZYBSKI with the Subject Telephone Number

7.      On March 30, 2009, during my interview with KORZYBSKI, which is

referenced in paragraph 6(g) and 6(g)(I) of Exhibit "1", KORZYBSKI provided Task Force

Agent Tony Christensen with a cellular telephone number of (503) 431-9309, that is, the Subject

Telephone Number.  During the interview I provided KORZYBSKI with my business card which contained my work telephone number.

8.      On April 3, 2009, I received a telephone call from the Subject Telephone Number on my work telephone number.  The telephone call from the Subject Telephone Number resulted in a voicemail message being left.  When I listened to the voicemail message, I learned that the caller identified himself as "Soren" and I recognized the voice as being KORZYBSKI based on my interview with him on March 30, 2009.  During the message, KORZYBSKI asked me to call him and that I already had his telephone number.  On or about April 6, 2009, I returned KORZYBSKI's phone call by calling the Subject Telephone Number and left a message on the Subject Telephone Number when no one answered.  Thereafter, I received a call from the Subject Telephone Number and recognized the caller's voice as KORZYBSKI's.  I then had a conversation with KORZYBSKI which included the topics of KORZYBSKI's grandfather's death, the fact that the April 2, 2009, search warrant had been served at the Subject Premises, and KORZYBSKI's request for a surrender date if he was going to be arrested.

9.      The general geographic location of the Subject Telephone Number derived from stored cell site information used by the Subject Telephone number can be used to corroborate the observations of witnesses involved in the case.  More specifically, law enforcement agents can compare physical observations of the user of the Subject Telephone Number reported by witnesses, which I believe is KORZYBSKI based on the facts contained in this affidavit, with stored cell site information in order to verify the identification and location of the user of the Subject Telephone Number.  Knowing the geographic location of the Subject Telephone Number via the stored cell site records can help to corroborate the location of KORZYBSKI and

any other co-conspirators during the conduct charged in the indictment.   Based on my training and experience, and talking with other experienced law enforcement officials familiar with bank robbery investigations, I know that individuals that commit bank robberies and participate in conspiracies to commit bank robberies often use cellular telephones to assist in coordinating the events prior to, during, and after the bank robbery.

10.    Based upon the preceding information and my investigative experience, I believe that KORZYBSKI, and others as yet unknown, engaged in criminal acts on March 20, 2009, violating Title 18, United States Code, Sections 371 and 2113(a), conspiracy to commit bank robbery, and Title 18, United States Code, Section 2113(a), bank robbery.  I further believe that the Subject Telephone Number has been used by KORZYBSKI and others as yet unknown, to conduct their criminal activities charged in the indictment.

11.    I further believe that information concerning the aforementioned offenses will be obtained upon the discovery of the locations of the Subject Telephone Number during the dates requested.

///

///

///

///

///

///

///

///

-4-

12.     Furthermore, based upon my knowledge, training, and experience, it is my belief that the information contained in this affidavit, if prematurely disclosed to the public, could result in the target's flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, or otherwise seriously jeopardize the ongoing investigation.  Therefore, I request that this affidavit be sealed and notification to the public be delayed until otherwise ordered by the court.


MATTHEW W. FURNIA
Special Agent
Federal Bureau of Investigation
Portland, Oregon


SUBSCRIBED AND SWORN to before me this _15th_ day of _April_ 2009.


OFFICIAL SEAL
SHARON L GROVE
NOTARY PUBLIC-OREGON
COMMISSION NO. 434810
MY COMMISSION EXPIRES FEBRUARY 4, 2013

Notary Public for State of Oregon
My Commission Expires: 2/4/13

-5-

AO106 (Rev. 12/03)  Affidavit for Search Warrant

# UNITED STATES DISTRICT COURT

DISTRICT OF _____ OREGON

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

The premises described as 3404 19th Avenue, Apartment 207, Forest Grove, Oregon 97116 (the "SUBJECT PREMISES")

### APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT

Case Number: 09-MC-9085

I, _____ Special Agent Matthew W. Furnia _____ being duly sworn depose and say:

I am a(n) Special Agent, Federal Bureau of Investigation _____ and have reason to believe
                              Official Title

that ☐ on the person of or  ☑ on the property or premises known as (name, description and/or location)

See Attachment A, attached hereto and incorporated herein by reference

in the _____ District of _____ Oregon _____

there is now concealed a certain person or property, namely (describe the person or property to be seized)

See Attachment B, attached hereto and incorporated herein by reference

which is (state one or more bases for search and seizure set forth under Rule 41(c) of the Federal Rules of Criminal Procedure)

Evidence of the crime of bank robbery

concerning a violation of Title ____ 18 ____ United States code, Section(s) ____ 2113(a) ____
The facts to support a finding of probable cause are as follows:

See Attached Affidavit of Special Agent Matthew W. Furnia

Certified to be a true and correct copy of original filed in this District.
Dated _____
Mary L. Moran, Acting Clerk of Court
US District Court, of Oregon
By Deputy Clerk _____
Pages _____ Through _____

Continued on the attached sheet and made a part hereof:   ☑ Yes  ☐ No

_____
Signature of Affiant

Sworn to before me and subscribed in my presence.

April 2, 2009 _____ at   PORTLAND _____ OR
Date                                          City                                     State

_____
DONALD C. ASHMANSKAS, U.S. MAGISTRATE JUDGE _____ Signature of Judge
Name of Judge                          Title of Judge

# EXHIBIT "1"

STATE OF OREGON      )
                     )    ss.   **AFFIDAVIT OF MATTHEW W. FURNIA**
County of Multnomah  )

   I, Matthew W. Furnia, being first duly sworn, depose and state the following:

   1.    I am a Special Agent ("SA") of the Federal Bureau of Investigation ("FBI") and have been so employed for seventeen months. I am currently assigned to the Portland, Oregon, office of the FBI, where I investigate violations of federal laws, including Title 18, United States Code, Section 2113(a), Bank Robbery.

   2.    This affidavit is submitted in support of an application for a search warrant authorizing the search of 3404 19th Avenue, Apartment 207, Forest Grove, Oregon 97116 (the "SUBJECT PREMISES"), more fully described in Attachment A of this affidavit, which is incorporated herein by this reference, that I believe is the residence of SOREN DAVIS KORZYBSKI ("KORZYBSKI"), in the District of Oregon, and the seizure of evidence, contraband, fruits, and instrumentalities of violations of Title 18, United States Code, Sections 2113(a), bank robbery, more fully described in Attachment B of this affidavit, which is incorporated herein by this reference.

   3.    The information contained within this affidavit is based upon my training and experience, my personal knowledge of the investigation conducted in the matter, information provided

1

by other agents and law enforcement officers who have assisted in this investigation and their own investigation, and my examination of evidence collected to date.  This affidavit is intended to provide probable cause to support the issuance of the search warrant as requested herein and does not purport to set forth all of the information that I have acquired during the course of this investigation.

PREMISES TO BE SEARCHED

4.   The SUBJECT PREMISES is described in ATTACHMENT A, and is described as follows:

a.   The SUBJECT PREMISES is located at 3404 19th Avenue, Apartment 207, Forest Grove, Oregon.  The SUBJECT PREMISES is a unit located in the Laurel West Condominium complex which is located at the southeast corner of 19th Avenue and Oak. The SUBJECT PREMISES is located on the second story of the two-story complex.  The SUBJECT PREMISES is painted gray with blue trim.  The SUBJECT PREMISES has a blue front door with the numbers "207" in blue color to the right of the front door.

ITEMS TO BE SEIZED

5.   The items to be seized from the SUBJECT PREMISES that are evidence of the crime of bank robbery, in violation of Title 18 U.S.C. Section 2113(a), are described in ATTACHMENT B and are as follows:

a.   Weapons, firearms and their ammunition, replica

2

firearms, and receipts demonstrating the purchase and/or transfer of weapons and their ammunition, and replica firearms;

     b.   Maps, documents, and diagrams relating to planning a bank robberies;

     c.   Identification, papers, and receipts showing purchases and/or ownership and occupancy of the SUBJECT PREMISES;

     d.   Disguises and clothing, including wigs, eyeglasses, sunglasses, baseball and knit hats, caps, jackets, sweatshirts, motorcycle helmets, gloves, pants, footwear, masks, scarves, and other items used to conceal one's identity;

     e.   Indicia of recent travel relating to bank robberies;

     f.   Indicia of the planning and/or execution of bank robberies stored on media such as computer floppy disks, zip drives, compact disks, tape backups, hard disk drives, flash memory, secure digital memory, memory chips, and handheld cellular telephones and other small forms of removable media commonly used in handheld devices or cameras;

     g.   Trace evidence including dye;

     h.   United States currency, electronic tracking devices, dye packs, exploded dye packs, cash straps, and bank envelopes and bags;

     i.   Bank statements and receipts indicating cash deposits and large purchases, respectively;

3

      j.    Correspondence between KORZYBSKI and
co-conspirators regarding the disposition of bank robbery
proceeds.

STATEMENT OF PROBABLE CAUSE AND EVIDENCE CONNECTING KORZYBSKI TO
THE SUBJECT PREMISES

      6.    I have personally conducted an investigation into the
bank robbery on March 20, 2009, at approximately 1:30 p.m., at
the Bank of the West located at 18685 SW Tualatin Valley Highway,
Aloha, Oregon ("Bank of the West") mentioned in the paragraphs
that follow.  During the course of this investigation I have
spoken with victim tellers, private citizens, other
investigators, and police officers familiar with this
investigation and have reviewed law enforcement reports.  As a
result, I have become aware of the following information:  .

     March 20, 2009

      a.  On Friday, March 20, 2009, at approximately 1:30
p.m., a robbery occurred at the Bank of the West located at 18685
SW Tualatin Valley Highway, Aloha, Oregon.  A white male subject
(the "robber") entered Bank of the West.  The robber's entrance
into Bank of the West caught the attention of the Bank of the
West's financial service officer ("financial service officer")
because the robber was wearing "goofy" clothing and was acting
suspicious.  The robber was described as a white male adult,
approximately 5'10" tall, weighing approximately 200 pounds,
between 25-40 years of age.  The robber had shoulder-length brown

4

hair and was wearing large-framed glasses, a charcoal grey
"beanie"-style hat, and a grey Hurley-brand, "hoodie"-style
sweatshirt.  The victim teller greeted the robber as the robber
entered Bank of the West.  The robber did not respond to the
victim teller's greeting, and approached the victim teller's
window with both of the robber's hands in the front pocket of the
robber's sweatshirt.

b.  Upon reaching the victim teller's window, the
robber said, "Twenties, fifties, hundreds."  The victim teller
activated the bank's alarm system and said, "I'm sorry?"  In a
raised voice, the robber responded, "Twenties, fifties, and
hundreds, right now!"  The victim teller opened her bank drawer,
removed each denomination from the drawer, and spread the money
on the counter in front of the teller window.  The robber then
asked the victim teller about a second bank drawer.  The victim
teller told the robber that the victim teller did not have a
second drawer.  The robber then gathered the money from the
counter, placed the money in the front pocket of the robber's
sweatshirt, and exited Bank of the West.  As the robber was
exiting Bank of the West, the robber looked at the financial
service officer (who had seen the robber when the robber first
entered Bank of the West, as mentioned above in paragraph 6(a)).
The victim teller observed the robber running north through the
parking lot of Bank of the West in the direction of a nearby

5

Little Caesar's pizza restaurant located nearby.  The victim
teller told the financial service officer that the victim teller
had just been robbed by the robber.  The financial service
officer exited Bank fo the West and began to follow the robber.

      c.  The financial service officer followed the robber
as the robber proceeded north through the parking lot of Bank of
the West.  As the robber reached the north end of the parking
lot, the robber ran by the driver's side window of an older
model, silver in color, BMW, which the financial service officer
observed had an Oregon license plate of XFA 930 (the "BMW"), and
had its engine running.  The financial service officer saw what
appeared to be a young male in the driver's seat of the BMW.  As
the robber ran past the driver's side of the BMW, financial
service officer observed that the robber appeared to slow down
and say something to the driver of the BMW.  The robber then
continued eastbound on SW Alexander Street and turned north into
a small apartment complex located in the vicinity of 18569-18577
SW Alexander Street.  The financial service officer saw the
driver of the BMW look back at the financial service officer
before driving eastbound on SW Alexander Street and then turning
into the apartment complex located in the vicinity of 18569-18577
SW Alexander Street.  The financial service officer then returned
to Bank of the West.  An audit of Bank of the West revealed that
the robber had obtained approximately $732.00 during the bank

6

robbery.  In addition, at the time of the robbery, Bank of the
West was insured by the Federal Deposit Insurance Corporation.

        d.  After the robbery at Bank of the West occurred,
Washington County Sheriff's Department deputies learned from the
financial service officer about the license plate number of the
BMW.  Based on the license plate information on the BMW, a member
of the Washington County Sheriff's Department ran Department of
Motor Vehicles ("DMV") records with regard to the BMW.  DMV
records revealed that Oregon license plate XFA 930 belonged to a
1993 silver BMW.  The records also revealed that the registered
owner of the BMW was KORZYBSKI, and that KORZYBSKI was a white
adult male, with a date of birth of XX-XX-1983, was 6'00" tall,
weighed 220 pounds, and had a residence address of 3404 19th
Avenue, Apartment 207, Forest Grove, Oregon, that is, the SUBJECT
PREMISES.  Based on the information from the DMV regarding the
BMW, law enforcement units established surveillance on the
SUBJECT PREMISES a short period of time after the robbery of Bank
of the West.  Law enforcement surveillance remained at the
SUBJECT PREMISES for several hours.  Thereafter, law enforcement
conducted surveillance intermittently for the next few days.
However, during the surveillance of the SUBJECT PREMISES, law
enforcement did not observe the BMW come to the SUBJECT PREMISES.

        e.  On March 20, 2009, I learned that KORZYBSKI was
currently assigned a parole officer.  From talking to other law

7

enforcement officials, I learned that KORZYBSKI's parole officer
said that KORZYBSKI's listed residence address was 3404 19th
Avenue, Apartment 207, Forest Grove, Oregon, that is, the SUBJECT
PREMISES.  I learned from KORZYBSKI's parole officer that
KORZYBSKI was currently on parole for a previous Assault III
charge, and was due to report to the parole officer the following
week.  KORZYBSKI's parole officer further informed me that
KORZYBSKI had not met the conditions of KORZYBSKI's parole and
that the parole officer planned on arresting KORZYBSKI the
following week if KORZYBSKI reported as scheduled.  The parole
officer was aware that KORZYBSKI's parents lived in Bellingham,
Washington, and said that KORZYBSKI may have driven to his
parent's residence.

 March 24, 2009

  f.  On or about March 24, 2009, law enforcement
officials observed the BMW at the SUBJECT PREMISES.  Thereafter,
on March 24, 2009, KORZYBSKI reported to his appointment with his
parole officer and was subsequently arrested for failing to
comply with the conditions of KORZYBSKI's parole.  KORZYBSKI was
booked into the Washington County Jail and the BMW was seized and
secured by the Washington County Sheriff's Office.

 March 30, 2009

  g.  On Monday, March 30, 2009, FBI Task Force Officer
("TFO") Tony Christensen and I met with KORZYBSKI at the

8

Washington County Jail.  I read KORZYBSKI his *Miranda* rights
which KORZYBSKI indicated that he understood and KORZYBSKI agreed
to speak with TFO Christensen and I after executing a written
*Miranda* waiver.  In summary, the following occurred during the
interview:

      i.   At the onset of the interview, KORZYBSKI
stated a desire to stop going to jail once KORZYBSKI was released
for the parole violation.  When asked by SA Furnia if KORZYBSKI
had any idea why the FBI would be interested in speaking with
KORZYBSKI, KORZYBSKI said, "Why don't you show me what you have?"
When asked by SA Furnia if KORZYBSKI was willing to cooperate and
speak with SA Furnia about the bank robbery at the Bank of the
West, KORZYBSKI stated that KORZYBSKI wanted to speak with SA
Furnia, but did not trust law enforcement officials, and would be
more willing to speak with SA Furnia outside of jail.  KORZYBSKI
explained to SA Furnia that KORZYBSKI was being evicted and that
if KORZYBSKI were allowed to be released from jail on the parole
violation in order to deal with being evicted, KORZYBSKI would be
more willing to talk with investigators.  KORZYBSKI further
explained that KORZYBSKI "has never run from anything" and would
face whatever situation KORZYBSKI was now facing.  During the
course of the interview, KORZYBSKI inquired of SA Furnia, "What
am I facing here?  Five years?"  During the interview, KORZYBSKI
also granted consent to search the BMW.

9

h.  On March 30, 2009, TFO Christensen and I conducted a search of the BMW pursuant to the consent that KORZYBSKI granted us mentioned above in paragraph 6(g)(i).  During the search of the BMW, TFO Christensen and I did not locate any evidence relating to the March 20, 2009, robbery at the Bank of the West.

i.  After the interview of KORZYBSKI and the consent search of the BMW, TFO Christensen and I conducted a photographic lineup with the financial service officer from Bank of the West who had followed the robber on March 20, 2009.  After viewing the photographic lineup, the financial service officer said that the individual in Position #4 of the lineup resembled the bank robber.  The financial service officer stated that the ears, double chin, the lower half of the mouth, the round nose, and the overall face of the person depicted in Position #4 were the same as those of the robber.  The financial service officer stated that the person depicted in Position #4 did not have the long hair or the large-framed glasses that the robber wore.  The person depicted in Position #4 of the lineup was KORZYBSKI.  The victim teller from the robbery of the Bank of the West on March 20, 2009, was also shown the photographic lineup but stated that the photograph of the robber was not in the photographic lineup.

PROBABLE CAUSE FOR ITEMS TO BE SEIZED

7.  Based on my training and experience, interviewing bank

10

robbery suspects, and talking with other experience law
enforcement officials familiar with bank robberies, I know that
persons who rob banks often use their residences, such as the
SUBJECT PREMISES, in this investigation, to keep evidence of
planning and the instrumentalities needed for the execution and
circumstances following a bank robbery, and may keep items used
or that were planned to be used in a robbery including weapons,
firearms and their ammunition, replica firearms, and receipts
demonstrating the purchase and/or transfer of weapons and their
ammunition, and replica firearms; maps, documents, and diagrams
relating to planning bank robberies; identification, papers, and
receipts showing purchases and/or ownership and occupancy of the
SUBJECT PREMISES; disguises and clothing, including wigs,
sunglasses, eyeglasses, baseball and knit hats, caps, jackets,
sweatshirts, gloves, pants, footwear, and other items used to
conceal one's identity; indicia of recent travel relating to bank
robberies; indicia of the planning and/or execution of bank
robberies stored on media such as computer floppy disks, zip
drives, compact disks, tape backups, hard disk drives, flash
memory, secure digital memory, memory chips, and handheld
cellular telephones and other small forms of removable media
commonly used in handheld devices or cameras; fingerprints, palm
prints, and other trace evidence; United States currency,
electronic tracking devices, dye packs, exploded dye packs, cash

11

straps, and bank envelopes and bags; bank statements and receipts
indicating cash deposits and large purchases, respectively.  I
also know that robbers will often keep correspondence with co-
conspirators in their residences concerning the planning and
execution of bank robberies.

CONCLUSION

8.    Based on my investigation into the Bank of the West
robbery on March 20, 2009, including the identification of
KORZYBSKI by the financial services officer and sighting of the
BMW at the crime scene, and all of the facts set forth in this
affidavit, I believe that KORZYBSKI is the person who robbed Bank
of the West on March 20, 2009.

9.    I have discussed the requested search warrant, the
accompanying application, and this affidavit in this case with
Assistant United States Attorney ("AUSA") Fred W. Slaughter.
AUSA Fred W. Slaughter informed me that in his opinion, this
affidavit is legally and factually sufficient to support the
issuance of the requested warrant for the SUBJECT PREMISES.

///

///

///

///

///

///

12

10.   Based on the foregoing facts and my training,
education, and experience there is probable cause that evidence
of a violation of Title 18, United States Code, Section 2113(a),
bank robbery, will be found at the SUBJECT PREMISES.


MATTHEW W. FURNIA
Special Agent
Federal Bureau of Investigation


Sworn to before me and subscribed in my presence this ___2___ day
of April, 2009.


DONALD C. ASHMANSKAS
UNITED STATES MAGISTRATE JUDGE

13

ATTACHMENT A

PREMISES TO BE SEARCHED

The premises to be searched for evidence of violations of Title 18, United States Code, Sections 2113(a), bank robbery, is located at 3404 19th Avenue, Apartment 207, Forest Grove, Oregon 97116 (the "SUBJECT PREMISES") and is described as follows:

a.    The SUBJECT PREMISES is located at 3404 19th Avenue, Apartment 207, Forest Grove, Oregon.  The SUBJECT PREMISES is a unit located in the Laurel West Condominium complex which is located at the southeast corner of 19th Avenue and Oak.  The SUBJECT PREMISES is located on the second story of the two-story complex.  The SUBJECT PREMISES is painted gray with blue trim. The SUBJECT PREMISES has a blue front door with the numbers "207" in blue color to the right of the front door.

1

**ATTACHMENT B**

ITEMS TO BE SEIZED

    The items to be seized from 3404 19th Avenue, Apartment 207, Forest Grove, Oregon 97116 (the "SUBJECT PREMISES"), for evidence of violations of Title 18, United States Code, Section 2113(a), bank robbery, are described as follows:

    a.    Weapons, firearms and their ammunition, replica firearms, and receipts demonstrating the purchase and/or transfer of weapons and their ammunition, and replica firearms;

    b.    Maps, documents, and diagrams relating to planning bank robberies;

    c.    Identification, papers, and receipts showing purchases and/or ownership and occupancy of the SUBJECT PREMISES;

    d.    Disguises and clothing, including wigs, eyeglasses, sunglasses, baseball and knit hats, caps, jackets, sweatshirts, motorcycle helmets, gloves, pants, footwear, masks, scarves, and other items used to conceal one's identity;

    e.    Indicia of recent travel relating to bank robberies;

    f.    Indicia of the planning and/or execution of bank robberies stored on media such as computer floppy disks, zip drives, compact disks, tape backups, hard disk drives, flash memory, secure digital memory, memory chips, and handheld cellular telephones and other small forms of removable media

1

commonly used in handheld devices or cameras;

      g.   Trace evidence including dye;

      h.   United States currency, electronic tracking devices, dye packs, exploded dye packs, cash straps, and bank envelopes and bags;

      i.   Bank statements and receipts indicating cash deposits and large purchases, respectively;

      j.   Correspondence between SOREN DAVIS KORZYBSKI and co-conspirators regarding the disposition of bank robbery proceeds.

Certified to be a true and correct
copy of original filed in this District.
Dated _____
Mary L. Moran, Acting Clerk of Court
US District Court of Oregon
By Deputy Clerk _____
Pages: _____ _____ Through _____

FILED'09 APR 07 11:30 USDC-ORP

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA

v.

SOREN DAVIS KORZYBSKI,
a.k.a. Soren David Raney,

Defendant.

No. CR 09- *132 - BR*

**INDICTMENT**

18 U.S.C. § 371
18 U.S.C. § 2113(a)

### THE GRAND JURY CHARGES:

### COUNT ONE (Conspiracy)

Beginning on a date unknown, and continuing to on or about March 20, 2009, in the

District of Oregon, **SOREN DAVIS KORZYBSKI, a.k.a. Soren David Raney**

**("KORZYBSKI")**, and others known and unknown to the Grand Jury, did unlawfully, wilfully,

knowingly and intentionally combine, conspire, confederate and agree together and with each

other to commit an offense against the United States, that is, by force, violence or intimidation,

unlawfully and knowingly take from the presence of employees of Bank of the West, 18685 SW

TV Highway, Aloha, Oregon ("Bank of the West"), approximately $732.00 in United States

currency, which money was then and there in the care, custody, control, management, and

possession of Bank fo the West, whose deposits were insured by the Federal Deposit Insurance

Corporation, in violation of Title 18, United States Code, Sections 371 and 2113(a).

# EXHIBIT "2"

## OVERT ACTS

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the co-conspirators committed one or more of the following overt acts in the District of Oregon:

1.    During the course of the conspiracy, **KORZYBSKI** and a co-conspirator traveled to the area of Bank of the West, on March 20, 2009.

2.    During the course of the conspiracy, **KORZYBSKI** entered Bank of the West and **KORZYBSKI** robbed Bank of the West.

3.    During the course of the conspiracy, a co-conspirator waited for **KORZYBSKI** in **KORZYBSKI**'s BMW automobile, bearing Oregon license plate number XFA 930 (the "BMW"), in a parking lot located near Bank of the West, while **KORZYBSKI** robbed Bank of the West.

4.    During the course of the conspiracy, **KORZYBSKI** exited Bank of the West after committing the robbery, spoke with the co-conspirator at the BMW; then **KORZYBSKI** walked to a nearby apartment complex and the co-conspirator drove the BMW to the same apartment complex.

### COUNT 2 (Bank Robbery)

On or about March 20, 2009, in the District of Oregon, **SOREN DAVIS KORZYBSKI, a.k.a. Soren David Raney ("KORZYBSKI")**, defendant herein, did by force, violence or intimidation, unlawfully and knowingly take from the presence of employees of Bank of the West, 18685 SW TV Highway, Aloha, Oregon, approximately $732.00 in United States currency, which money was then and there in the care, custody, control, management, and

///

PAGE 2 - INDICTMENT - United States v. Soren Davis Korzybski

possession of Bank of the West, whose deposits were insured by the Federal Deposit Insurance

Corporation; all in violation of Title 18, United States Code, 2113(a).

Dated this ___7___ day of April 2009.

A TRUE BILL.

_____
OFFICIATING FOREPERSON

Presented by:

KARIN J. IMMERGUT
United States Attorney

_____
FRED W. SLAUGHTER
Assistant United States Attorney